## LANDRY v. O'HARA VESSELS, Inc.
### No. 59.

District Court, D. Massachusetts.

Sept. 22, 1939.

424

A. L. Kaplan, of Boston, Mass., for plaintiff.

S. P. Sears, of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for personal injuries sustained on board a fishing schooner owned and operated by the defendant and alleged to have been caused by the negligence of the defendant company. The defendant filed a set of interrogatories to the plaintiff, and the latter filed objections to several of them which are discussed below.

Although Rule 33, 28 U.S.C.A. following section 723c, does not expressly define the scope of discovery permitted under it, yet, I believe, the scope is as broad under this rule as under Rule 26(b) which concerns discovery by deposition, and any interrogatory pertinent to the subject matter involved may be put, and except for certain exceptions, such as, questions that tend to incriminate, to express an opinion, a conclusion of law, or a contention, and possibly other exceptions which may be discussed in connection with certain types of questions, should be answered. To put it another way, the scope of the subjects about which interrogatories may be asked is as broad as the field of inquiry when the person interrogated is called to testify orally in an actual trial. There will always be borderline questions and inevitably differences of opinion will arise in the courts in connection with these.

The specific interrogatories to which the plaintiff objects are as follows:

"1 (b). Please state the other residences, if any, which you have had during the past ten years, giving city or town, street and number and the dates between which you have lived at such addresses."

I see no relevancy in this interrogatory to any of the issues involved in the case and it need not be answered.

"10. Have you had any accidents, illnesses, diseases or operations prior or subsequent to the date of this accident and if so, please state fully the nature of such accidents, illnesses, diseases or operations and when and where you sustained or suffered them, and any hospitals you have attended and any doctors who have treated you during the periods above referred to."

The answer to this interrogatory may be limited to a period of five years next

preceding the accident and, since the accident, to the date of the answer.

■ "13. Please state fully your training, experience, and qualifications to perform the duties at which you were then gainfully employed."

The answer to this interrogatory should be limited to training and experience. "Qualifications," although seeming to be synonymous with training and experience, might possibly call for an expression of opinion.

■ "20. Please describe fully in your own way how the alleged accident occurred, stating what you did and what act or acts the defendant did or neglected to do at the time of the accident which you allege were negligent."

The answer to this interrogatory may be confined to a statement by the plaintiff as to how the accident occurred, stating what he did and what act or acts the defendant did at the time of the accident.

■ "21. If in the previous interrogatory you state that the alleged accident occurred in connection with or out of the operation of some motor or machinery or mechanical apparatus, please state:

"(a) Whose duty it was to inspect and maintain this machinery or motor.

"(b) Whether you had ever overhauled this machinery or motor and if so, when and under what circumstances.

"(c) Whether you had operated this machinery or motor within forty-eight hours previous to your alleged accident and if so, when and under what circumstances.

"(d) Whether anyone else with your knowledge had operated said machinery or motor within twenty-four hours previous to your alleged accident, and if so, please state when and under what circumstances.

"(e) Whether you inspected or adjusted the carburetor and timing apparatus used in connection with said machinery or motor and if so describe the condition of the carburetor and the position of the timing apparatus (i. e., how far advanced or retarded) at the time of the alleged accident."

If the plaintiff states in answer to interrogatory No. 20 that the accident occurred in connection with or out of the operation of some motor or machinery or mechanical apparatus, the plaintiff will answer a, b, c, d, and e, of interrogatory No. 21.

■ "23. Please state why you were working upon or trying to start the said machinery or motor, and at whose request you were doing so."

The plaintiff will state at whose request he was working on machinery or motor, in the event it appears from his answers to other interrogatories that he was working on such. To require an answer as to "why" he was working thereon covers too large a field.

■ "25. Please state what, in your opinion, was the nature and cause of the alleged unsafe or defective condition in said machinery or motor, and when you discovered the said unsafe or defective condition."

This interrogatory calls for an expression of an opinion, and need not be answered.

Accordingly, the plaintiff is ordered to file answers within thirty (30) days hereof.