COMPAGNIE CONTINENTALE D'IMPOR-
TATION v. PACIFIC ARGENTINE
BRAZIL LINE, Inc.

District Court, S. D. New York.
June 25, 1940.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Ira A. Campbell and Clement C. Rinehart, both of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is a motion by plaintiff for a discovery and inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendant consents to granting an inspection with respect to items 2 and 3 of the demand and these items need not be considered.

Item 1 requests all written communications between plaintiff and defendant with reference to the contract upon which the suit is brought. Defendant objects to this item on the ground that plaintiff seeks to place upon it the burden of separating its files and preparing data which plaintiff already has. I think that the objection is well taken. A discovery and inspection is granted only for cause shown and here plaintiff merely asserts it desires this material as an assurance that it will be available on the trial. This is not a sufficient cause for the granting of a discovery and inspection. Plaintiff's own files should afford it whatever assurance it needs.

The remainder of the items with respect to which a discovery is sought, relate to communications had between defendant and the United States Maritime Commission in connection with designated subjects. One of the defenses interposed is that the Maritime Commission withdrew its consent to the sale of the vessels and thus by the terms of the contract, there was an impossibility of performance. Defendant objects to the discovery only so far as it relates to communications had prior to December 21st, 1939, the date of the agreement between the parties, and it is argued that anything happening before this time is irrelevant to the issue of impossibility of performance.

It is not clear, however, that such communciations are irrelevant. They may well show an attitude on the part of the commission which did not crystallize until after the date of the agreement and thus throw light upon plaintiff's charge that the commission withdrew its consent because of acts of defendant. It should be remembered that the Federal Rules of Civil Procedure contemplate a liberal discovery by all parties and that the test of relevancy in a motion for discovery is not as strict as that which governs the admissibility of evidence upon a trial. See Lewis v. United Air Lines Transport Corporation, D.C., 27 F.Supp. 946. I shall, therefore, allow a discovery as to all items excepting No. 1.

The material sought to be inspected, however, is obviously voluminous and the order to be entered on the motion should protect defendant from any undue burden in complying with it. The inspection should be held at defendant's convenience, and if desired, at its place of business.

Objections to interrogatories:

Defendant has also objected to interrogatories 1, 6, 7, 8 and 9 which plaintiff has served pursuant to Rule 33 of the Federal Rules of Civil Procedure.

The objections to Interrogatories 1 and 6 are well taken. The answers to No. 1 could only be a conclusion of law and there is nothing in the pleading that in any way indicates the relevancy of No. 6.

Interrogatory No. 7 seeks a statement of defendant's claims with respect to the events leading up to the Maritime Commission's refusal to approve the sale of the vessel. The granting of the motion for discovery should enable plaintiff to prepare its own statement of these events, and thus an answer to the interrogatory is unnecessary.

Interrogatories 8 and 9 should be answered. They seek to ascertain the names of the persons who conducted the negotiations with the Maritime Commission and answers to them will facilitate future examinations before trial.

Submit order on notice.