## UNITED STATES v. GENERAL MOTORS CORPORATION et al.

### Civil Action No. 2177.

District Court, N. D. Illinois, E. D.

Oct. 8, 1942.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., and Holmes Baldridge, Sp. Asst. Atty. Gen., for the Government.

Pope & Ballard, of Chicago, Ill., for defendant.

HOLLY, District Judge.

The United States filed its complaint herein charging that defendants had engaged in a conspiracy in restraint of trade and commerce. Defendants answered and have filed forty-five interrogatories under Rule 33 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, which they ask the Government to answer. The Government has filed general objections covering all the interrogatories and other objections questioning the propriety of certain specific interrogatories.

■■ It is contended by the Government that Rule 33 "substitutes interrogatories for a bill of discovery; the United States has never consented to be a defendant in such bill, or to answer interrogatories; until it consents rule cannot create jurisdiction to compel its answer to interrogatories; the rule substantially changes legal rights." Of course, an action does not lie against the sovereign except by consent and the United States could not be compelled to make discovery in an action brought for that purpose. But that is far from saying that the Government, in bringing a civil action against an individual, may not be subjected to the ordinary rules governing procedure in the court in which suit is brought. The difference between the standing of the Government as a defendant or complainant is illustrated in Bull v. United States, 295

U.S. 247, 261, 55 S.Ct. 695, 79 L.Ed. 1421, where the court said that a claim for money wrongfully withheld by the Government may be used by way of recoupment and credit in an action by the United States arising out of the same transaction, though, of course, such a defendant could not by cross claim recover a sum in excess of that due from the Government to him. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

But, counsel contends, it appears from the rule itself that it was not intended to apply to the United States because the United States is not mentioned in the rule, citing in support thereof 1 Blackstone's Commentaries, 261 where the author says: "The King is not bound by any act of parliament unless he be named therein by special and particular words. The most general words that can be devised ('any person or persons, bodies politic or corporate etc.,') affect him not in the least, if they may tend to restrain or diminish any of his rights or interests." And citing also United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 743, 85 L.Ed. 1071. In that case the court said: "Since, in common usage, the term 'person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it. But there is no hard and fast rule of exclusion. The purpose, the subject matter, the context, the legislative history, and the executive interpretation of the statute are aids to construction which may indicate an intent, by the use of the term, to bring state or nation within the scope of the law."

That it was not intended to exempt the United States from the operation of Rule 33 is conclusively shown, it seems to me, by the provisions of Rule 37. It is provided by subparagraph (a) of said last mentioned rule that upon the refusal of a party to answer an interrogatory submitted under Rule 33, the proponent of the question may, on notice, make application for an order compelling an answer and if the motion is granted and the court finds that the refusal was without substantial justification, the court shall require the refusing party, and the party or attorney advising the refusal, to pay the examining party the amount of the reasonable expenses incurred in obtaining a reasonable attorney's fees. In paragraph (f) of the said Rule 37, it is provided that expenses and attorneys fees are not to be imposed on the United States under this rule. If Rule 33 is not applicable to the United States paragraph (f) would have been omitted, or it would have been expressly stated that the United States was not subject to Rule 33.

And that the rules generally apply to the United States is shown by the provision of Rule 12 extending the time within which the United States may plead.

To hold that the rules do not apply to the United States except where it is particularly mentioned would lead to absurd results. Then there would be no rule in such cases as to many matters of procedure. Or does the Government contend that as to matters covered by rules in which the United States is not mentioned we should conform to state practice as under the old procedure?

It is further urged that the courts have repeatedly shown a desire to protect the Executive branch of the Government from unreasonable disclosures and that an order of the Attorney General bars the disclosures here sought. It might be a valid objection to a particular interrogatory that it would require disclosure of matters which it would be against public policy to disclose. As to the order of the Attorney General it has been the opinion of some of his predecessors in office that the order applied only when the Government was asked for the information in suits between private parties. 15 Op.Atty.Gen. 378, 415; 16 Op.Atty.Gen. 24; 25 Op.Atty. Gen. 326. And Moore in his work on Federal Practice, Vol. 3 pages 2641, 2642, inclines to the opinion that the prohibition relates to cases between private parties and that, unless against public policy in the particular case, a court should require disclosure in an action in which the United States is a party. One of the purposes of the rules is to enable a defendant to learn the particulars of the charge against him so that he may properly prepare for trial and it seems to me it would be an unjust and tyrannical exercise of power for the Government to refuse to make the same sort of disclosure of its case as would be required of an individual plaintiff.

In Fleming v. Bernardi, D.C., 1 F.R.D. 624, the court held against the Government on this question.

Further, the Government asks: "May interrogatories be used as a substi-

tute for a bill of particulars, and may a party having voluntarily given specifications be required again to give them by interrogatories?" The answer to both questions is no. But interrogatories may be proper to enable the opposing party to prepare for trial where the information is not necessary to enable the party to plead, and one may be required to give information in response to interrogatories that he is not required to give on a motion for a bill of particulars. As to the specifications plaintiff has voluntarily given, counsel have not called the attention of the court to any such specifications.

A further objection raised by the Government is based upon the claim of the Government that the interrogatories, or most of them, are concerned with matters which were involved in a criminal prosecution in which the Government secured a judgment of conviction. The Government proposes in this case to present as proof of the allegations in its complaint the record and judgment in the criminal case and counsel ask: "May a plaintiff who has already recovered a judgment on the present issue be compelled by interrogatories to set forth evidence pertaining to the support or dereliction of that judgment * * * ?" .

The obvious answer is that the court is not yet in a position to determine whether the judgment in the criminal case is an adjudication of the issues herein. In the complaint it is charged that defendants conspired to do certain things which constituted a combination in restraint of trade and commerce and further that these defendants were indicted as conspirators and in the said criminal case were tried and convicted thereof, but the court cannot say now and in the absence of any proof that the judgment in that case is conclusive against the defendants in this proceeding. Whether the answers to the interrogatories may be admitted as evidence on the trial is another question.

It may be that some of the interrogatories are improper as asking for opinions, as suggested by plaintiff, in its brief, but that question will be taken up later.

 It is further urged by the Government that a party may not be required to answer interrogatories unless the answers are based upon personal knowledge and not hearsay. The purpose of the interrogatories is to enable the proposing party to prepare for trial as a bill of par-

ticulars is to enable him to plead. A defendant is entitled to be informed as to what he will have to meet. If in this case the Government has discovered facts tending to sustain its case, and it proposes to establish such facts by evidence on the trial, defendant should be given notice of the facts, otherwise it cannot properly prepare its defense. A party is not required to submit an investigator's report but it may be required to give notice of the facts upon which it relies no matter what the source of its information may be.

 Another general objection to the interrogatories is that under Rule 33 a party is entitled to interrogate only to obtain information tending to support his own case. I do not agree. Rule 33 was not adopted simply to give a party the same advantage that he might have had through a bill of discovery. Moore's Fed. Practice, Vol. 3, p. 2615, 2616, Munzer v. Swedish American Line, D.C.S.D.N.Y., 35 F.Supp. 493.

Under this head it is urged by counsel that public policy requires that "information of this character collected by the Department of Justice is to be put in the category of state secrets to be used or suppressed in the sole discretion of the executive officers of the Government." No one is asking that state secrets be divulged. Defendants request only that those matters which the Government will use on the trial be stated in response to interrogatories.

 We now come to the specific interrogatories. The remarks of Judge Chesnut in Coca-cola Company v. Dixi Cola Laboratories, D.C., 30 F.Supp. 275, 279, are quite pertinent to the situation as we have here. He said:

"* * * So long as the interrogatories to be passed on by the court are comparatively few in number and relate to important or dominant facts or aspects of the case, it is not difficult for the trial judge to rule upon them intelligently; but when, as in this case, the number of questions is 255, and some 40 are objected to, the situation is quite different. At this preliminary state of the case it is difficult for the trial judge to determine the relevancy of comparatively minor and subordinate evidentiary facts. Furthermore the procedure tends to be unnecessarily wasteful of judicial time. The judicial ruling upon the interrogatories themselves

532

is not necessarily conclusive or even important in most cases as determinative of the issues in the case. The purpose of the interrogating party is to develop information or force admissions; but if the answers are not satisfactory or useful, the time spent in considering them and the objections thereto is generally wasted, because the answers do not become evidence in the case unless voluntarily introduced by the interrogator as admissions against interest on the part of the party interrogated.

"These considerations tend to the view that the number of interrogatories should be relatively few and related to the important facts of the case, rather than very numerous and concerned with relatively minor evidentiary details. It is not proposed to lay down any general rigid or inflexible rule with regard to what number of interrogatories is proper because cases must necessarily vary in their range of relevant facts. But in general it may be observed that it will be only the exceptional case where more than fifteen or twenty interrogatories can conveniently and efficiently be submitted. Where a more comprehensive examination of the adverse party is desired it should ordinarily be done by taking his deposition. If insistence is made upon answers to such a large number of interrogatories that they become unreasonably oppressive or vexatious, it would seem appropriate to impose costs in accordance with Rule 37."

Here defendant has submitted forty-five interrogatories, all but a very few having subdivisions ranging in number from four to twenty-five, making a total of nearly three hundred questions to be answered by the Government, many of these calling for expressions of opinion. It was never intended that a party should by interrogatories compel the adverse party to submit every item of evidence he expects to produce on the trial of the case. Nor is a party expected in answer to interrogatories, to state his opinions on matters of law or fact.

I have examined the interrogatories submitted by defendant and am of the opinion plaintiff should answer interrogatories 7, 30, 31, 32, 33, 34, 35(a) (b), 36(a), 37(a) (b) (c), 38 and 39(d) (e) (g) and 41.

As to the other interrogatories or parts of interrogatories plaintiff need not answer.