## PORTER v. MONTALDO'S.
### Civ. No. 1578.

District Court, S. D. Ohio, E. D.
Oct. 1, 1946.

**373**

The original complaint was filed May 1, 1946, and before the defendant had filed its answer or any responsive pleading thereto, an amended complaint was filed on July 18, 1946. This was done without leave of Court or consent of the defendant. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served." This being a pleading to which a responsive pleading is permitted, it follows that the plaintiff could: "amend his pleading once as a matter of course at any time before a responsive pleading" was served. A motion is not a responsive pleading within the meaning of the rule.

The first branch of defendant's motion will, therefore, be overruled.

Defendant's motion seeks in the second branch, an order vacating the order of this Court entered July 18, 1946. The order complained of is one by which a motion of the defendant for a bill of particulars or to make definite was denied on the sole ground that the amended complaint had been filed. The defendant argues that the amended complaint being improperly filed, the ruling on defendant's motion should be vacated.

In view of the fact that this Court has found the filing of the amended complaint to have been proper and further, that the defendant, in this motion, has in the alternative, moved for a bill of particulars or to make the amended complaint definite, there is no apparent reason for sustaining this branch.

The second branch of defendant's motion will accordingly be overruled.

By the third branch of defendant's motion, which is in the alternative to the first two branches, he asks for an order for a bill of particulars, or to make definite. The particulars sought are:

"(1) The date, or dates, of sales, the person, or persons, to whom sales were made and the merchandise and quantities

Milton J. Rappaport, of Cincinnati, Ohio, J. Maxwell Maher, of Columbus, Ohio, and Frank J. McErlane, of Cincinnati, Ohio, for plaintiff.

John H. Summers, of Shocknessey, Summers & Denton, of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This is an action brought by the Administrator of the Office of Price Administration to recover from the defendant damages on account of the sale of merchandise at prices alleged to have been above the established ceiling prices applicable thereto. Injunctive relief is also sought.

The case is now before the Court for consideration on motion of the defendant. Defendant's motion consists of four branches. Each of the three branches will be considered in numerical order.

The first branch seeks to strike the amended complaint on the ground that it was filed out of rule and without leave of Court or consent of the defendant.

for which plaintiff claimed defendant was charging more than the maximum legal prices; and

"(2) The sale prices of merchandise so sold, which show overcharges, together with prices which plaintiff claimed were the maximum prices of such merchandise."

This branch of the motion will be sustained under the ruling of this Court in the case of Bowles v. Henry, Civil Action No. 1073.[1] An order for a bill of particulars will be entered.

The fourth branch of the motion is to strike the interrogatories from the complaint and the files. This is the most important branch of the motion and requires the most detailed consideration.

The background of the interrogatories is found in the amended complaint, paragraph 6, reads: "Plaintiff has reason to believe and so alleges that Defendant has made other sales of said commodities at prices in excess of the maximum legal prices during the year immediately preceding the filing of the original complaint."

and paragraph (a) of the prayer prays for: "Judgment on the behalf of the United States against the defendant in the sum of Four Thousand Four Hundred and Fifty Dollars ($4450.00) being $50.00 on account of each sale set forth in Schedule A of this Complaint, and, further, for an amount equal to three times the amount of all other overcharges made by the defendant on sales of said commodities during the year immediately preceding the filing of the original complaint."

These quotations clearly demonstrate the purpose of the interrogatories proposed by the plaintiff and the use to which it is proposed to put the information so obtained.

The interrogatories are as follows:

"You are hereby required to answer separately and fully in writing and under oath, the following interrogatories:

"(1) What were the dates of sales, the names of purchasers, the articles sold, the selling prices, the ceiling prices, and the amounts of overcharges of all items sold by the defendant in excess of its applicable ceiling price, during the period from May 1, 1945 to April 30, 1946, the maximum prices of said items being controlled by Maximum Price Regulation No. 580.

"(2) What were the dates of sales, the names of purchasers, the articles sold, the selling prices, the ceiling prices, and the amounts of overcharges of all items sold by the defendant in excess of its applicable ceiling prices, during the period from May 1, 1945 to April 30, 1946, the maximum price of said items being controlled by Revised Maximum Price Regulation No. 330."

The question of the propriety of such interrogatories must be considered from a number of angles. The decisions of the courts have been quite diverse in their interpretation of the rule, nevertheless, certain principles have been announced by various courts which may be used in testing the propriety of the interrogatories in this case.

In citing these authorities, this Court does not mean to imply that each of the principles announced is adopted by this Court as a fixed and inflexible rule which would be applied in every case. The Court does intend to apply them as a group, which under the circumstances of this case, will provide a guide when applied as a group. The first of these principles is, that the right to propose interrogatories is subject to the exercise of judicial discretion by the court. Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338; Pueblo Trading Co. v. Reclamation Dist. No. 1500, D.C., 4 F.R.D. 471. This is a broad general principle, but more detailed principles applicable to the facts of the instant case have been announced.

It has been held that interrogatories which require research on the part of the responding party are objectionable. Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275; Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328; Byers Theaters v. Murphy, D.C., 1 F.R.D. 286; New England Terminal Co. v. Graver Tank & Mfg. Corporation, D.C., 1 F.R.D. 411. In the instant case, the defendant is to be required to conduct a most detailed research through its own records. This is no demand for simple and easily produced

---

[1] No opinion for publication.

facts, but for a mass of information to be accumulated by the defendant for the benefit of the plaintiff.

■■ Many courts have held that interrogatories which are "unreasonable", "burdensome", "vexatious", "onerous", or "which impose an undue hardship" on the answering party, are objectionable. Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338; Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275; Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362; Brightwater Paper Co. v. Monadnock Paper Mills, D.C., 2 F.R.D. 547; Checker Cab Mfg. Corporation v. Checker Taxi Co., D.C., 2 F.R.D. 547. In the opinion of this Court, it is unreasonable to ask a defendant to perform entire, extensive accounting and auditing operations of his own books and records in order that he may prepare and present to the plaintiff, in tabulated form, or in other convenient form, every minute detail upon which the plaintiff may base his recovery of damages. That it would be burdensome, vexatious, and onerous cannot be doubted. Auditing and accounting are expensive and time consuming operations and the Government has provided funds and agents to perform these operations whenever necessary; it is neither reasonable nor proper to expect the defendant to perform such services for the sole benefit of the prosecuting agency and at his own cost, to his own consequent damage.

■ Interrogatories directed toward relatively minor evidentiary details, rather than important facts are objectionable. Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275; Ball v. Paramount Pictures, D.C., 4 F.R.D. 194; Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 4 F.R.D. 210; United States v. General Motors Corporation, D.C., 2 F.R.D. 528; Knox v. Alter, D.C., 2 F.R.D. 337. In the instant case, the plaintiff's demand is for evidentiary facts down to the last minute detail. This Court does not hold as a matter of law, that all interrogatories asking for minor evidentiary facts should be suppressed, but there is a definite limit beyond which such detailed demands may not go without becoming a vice in and of itself, and likewise resulting in other objectionable situations. This is especially true where the proposing party seeks to secure such minor evidentiary details of the preparation of his opponent's case; to pry into his opponent's preparation of his own case; or to attempt to shift the labor and expense of the preparation of his own case to his adversary, as the plaintiff here seeks to do.

■ It has been held by many courts that interrogatories requiring the expression of opinion, or for conclusions, are objectionable. Chandler v. Cutler-Hammer Co., D.C., 31 F.Supp. 453; Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328; United States v. General Motors Corporation, D.C., 2 F.R.D. 528; Doucette v. Howe, D.C., 1 F.R.D. 18; Byers Theaters v. Murphy, D.C., 1 F.R.D. 286; J. Schoeneman v. Brauer, D.C., 1 F.R.D. 292; New England Terminal Co. v. Graver Tank & Mfg. Corporation, D.C., 1 F.R.D. 411; Landry v. O'Hara Vessels, D.C., 29 F.Supp. 423; Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C., 25 F.Supp. 596; Lenerts v. Rapidol Distributing Corporation, D.C., 3 F.R.D. 42; United States v. General Motors Corporation, D.C., 2 F.R.D. 528; Carter Bros. v. Cannon, D.C., 2 F.R. D. 174; Chemical Foundation v. Universal Cyclops Steel Corporation, D.C., 1 F.R.D. 533. Conclusions of law have been particularly pointed out as being excluded from the information which may be sought by interrogatories. Slydell v. Capital Transit Co., D.C., 1 F.R.D. 15; Landry v. O'Hara Vessels, D.C., 29 F.Supp. 423; Teller v. Montgomery Ward & Co., D.C., 27 F.Supp. 938; Caggiano v. Socony Vacuum Oil Co., D.C., 27 F.Supp. 240; United States v. General Motors Corporation, D.C., 2 F.R.D. 528. It may also be pointed out that interrogatories which seek to require the responding party to make comparisons are objectionable. Boysell Co. v. Colonial Coverlet Co., D.C., 29 F.Supp. 123; Looper v. Colonial Coverlet Co., D.C., 29 F.Supp. 125.

The interrogatories here in question are in direct conflict with the three propositions stated in the preceding paragraph; they call for conclusions; for conclusions of law; and they require comparison. First, the defendant is to be required, under oath and in writing, and under the penalties of perjury, to determine what the applicable ceiling prices are; a pure conclusion of

law, which the defendant is to draw at its peril. Second, the defendant is to compare these ceiling prices so established in its own opinion, with the prices it has charged. Third, the defendant must then express, in writing and under oath, its opinion and conclusion as to what and how much, the excess charges have been.

It was held in Tudor v. Leslie et al., D.C., 1 F.R.D. 448, that interrogatories going to the ultimate issues are objectionable. True it is, that some courts have permitted interrogatories tending in this direction but the dictates of common sense must show that propounding the ultimate question itself is improper. Could it be asserted that in a negligence case it would be proper to ask: "What negligence on your part directly and proximately caused the plaintiff's injuries? Why and how?" Although perhaps within the strict letter of the rule, would any court permit such interrogatories? Judicial discretion would sicken at the thought. There are but three ultimate questions in the instant case: (1) What were the established ceiling prices? (2) Did the defendant sell at prices in excess thereof? (3) What was the number or amount of such sales? All of these ultimate questions, with supporting details, are included in the interrogatories to be answered by the defendant, in writing and under oath.

Another limitation imposed by various courts has been that, interrogatories which seek to take advantage of the opponent's preparation of his case, or to pry into such preparation, are objectionable. Byers Theaters v. Murphy, D.C., 1 F.R.D. 286; French v. Zalstem-Zalessky et al., D.C., 1 F.R.D. 508; Floridin Co. v. Attapulgus Clay Co., D.C., 26 F.Supp. 968. Still more directly in point, it has been held that a party is not required to make his opponent's case for him. Compagnie Continentale D'Importation v. Pacific Argentine Brazil Line, D.C., 1 F.R.D. 388; Piorkowski v. Socony Vacuum Oil Co., D.C., 1 F.R.D. 407. In the instant case, the plaintiff lists certain alleged overcharges for which he asks $50 each, then by these interrogatories, he demands that the defendant point out every other overcharge, with supporting evidence in minute detail. In other words, the plaintiff demands that this feature of his case be completely prepared and presented to him by the defendant. The prayer then asks treble damages for the offenses thus established and occurring within one year prior to the action.

Perhaps no one of these declared principles should be considered as an absolute bar in every case, to interrogatories falling within their prohibition. It is clear to this Court, however, that when interrogatories are in conflict with so many of such principles, as are the interrogatories in this case, then such interrogatories are objectionable and should not be permitted.

It is equally clear to this Court that the interrogatories proposed by the plaintiff herein, constitutes an attempt on the part of the plaintiff to evade the ruling of this Court in the case of Bowles v. Henry, Civil No. 1073,[1] wherein this Court held that the identical information sought by the plaintiff herein, could be secured from the plaintiff by a bill of particulars. This ruling is reaffirmed and applied in sustaining the third branch of defendant's motion herein. The information sought by the plaintiff is that which he should supply and it is not incumbent upon the defendant to supply it.

Accordingly, the fourth branch of defendant's motion will be sustained.

An entry may be prepared and submitted, overruling the first and second branches and sustaining the third and fourth branches of defendant's motion.

---

[1] No opinion for publication.