**WRIGHT et al. v. R. & L. MARKET et al.**

**No. 5801.**

United States District Court.
W. D. Missouri, W. D.
Oct. 18, 1949.

Miller, Brewster & Hodge, Kansas City, Mo., and Cantrell, Carey & McCloud, Oklahoma City, Okl., for plaintiffs.

Mosman, Rogers, Bell, Field & Gentry, Kansas City Mo., for defendants.

REEVES, Chief Judge.

Sundry grounds have been assigned in the several motions of the defendants to dismiss this action. Objections are made by the defendants to a large number of written interrogatories propounded by the plaintiffs. Many briefs have been submitted by counsel supplementing oral arguments heretofore heard. All the matters have

been examined, and the following viewpoint is now expressed:

The action is one for damages alleged to have accrued to plaintiffs by reason of an automobile collision occurring after the death of Wolf C. Rimann, one of the alleged partners, and while, as it is charged, the operation of the partnership was continued by authority of the probate court in the name of Esther Rimann as administratrix of the estate of Wolf C. Rimann, deceased.

The plaintiffs have sued the administratrix upon the ground that her participation in the operation of the partnership made the estate of her decedent liable to the plaintiffs. Defendants urge that the partnership, as such, under the laws of Missouri, could not be sued as such partnership was automatically dissolved upon the death of Wolf C. Rimann.

1. Under the statute law of Missouri and particularly Section 5575, R.S.Mo.1939, Mo.R.S.A., it is provided that: "Actions * * * in relation to the business of the partnership may be brought and conducted by and against the general partners *as if they were the only partners*". (Emphasis mine.)

An examination of the complaint and the return of service shows that this action was brought conformable to this statute and that service was had upon the individuals composing the alleged partnership as well as in their representative capacity.

■ 2. The contention that the death of Wolf C. Rimann dissolved the partnership is untenable in the light of the averments of the complaint. It is permissible under the law and in the interest of the estate to continue the operation of a partnership after the death of one of the partners. Such continuance may be had pursuant to an agreement or the will of the deceased partner or by an order of the probate court having jurisdiction of decedent's estate. 33 C.J.S., Executors and Administrators, § 194, p. 1173. This text substantially states the rule in the digest or syllabus appearing at the head of the section as follows: "The general rule that an executor or administrator has no authority to continue the operation of the decedent's business is subject to some limitations, as where such operation is necessary for the protection of the estate or is authorized by statute or order of the court."

In this case the plaintiffs prayed for and obtained an order of the court directing the use of the decedent's interest for the continued operation of the estate. Quite clearly, if the court was authorized to make such an order and the partnership was being continued under such order, any liability created against the partnership could be enforced against the estate of the decedent as well as the surviving partner. Probably there would be a limitation of liability to the assets of the partnership belonging to the estate of the decedent. Moreover, a motion to dismiss would not be proper for the reason that by Rule 8, paragraph (c) Federal Rules of Civil Procedure, 28 U.S.C.A., the defense would be an affirmative one and should be raised by answer. It would follow that the motion to dismiss should be and will be overruled.

■ 3. The interrogatories to which objections are made are 31 in general numbering with numerous questions under subheadings. These interrogatories do not undertake to obtain the admission of facts pertinent and relevant in the trial of the case but for the most part seek information not relevant, or, if relevant, information that could be easily obtained by the plaintiffs themselves. As an example, the first interrogatory and its several subdivisions seek information as to the names of persons who might have been interested in the partnership. Such information is wholly immaterial at this time. Interrogatory number 16 is as follows: "State how long the person named in the answer to Interrogatory No. 15 had been acquainted with the said Jack Stevens." This is an incidental detail and does not call for admission of ultimate facts. The rule with respect to interrogatories did not contemplate questions of this kind. The above are typical of the entire body of interrogatories submitted.

Rule 33, Rules of Civil Procedure provides for "Interrogatories to Parties" and is broadly defined as relating to "any matters which can be (required) inquired into [by

inquiry] under Rule 26(b)". Adverting to Rule 26(b) it is there provided that: "* * * the deponent may be examined regarding any matter * * * which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

The interrogatories here are too many, and do not call for ultimate facts as contemplated under the rule. It follows that the objections to the interrogatories should be and will be sustained.