**COLORADO MILLING & ELEVATOR CO. v. AMERICAN CYANAMID CO. et al.**

No. 6157.

United States District Court, W. D. Missouri, W. D.

Sept. 15, 1951.

See also, D.C., 11 F.R.D. 306.

Paul C. Sprinkle, William F. Knowles, Roy F. Carter, Sprinkle, Knowles & Carter and Harold J. Toner, Kansas City, Mo., for plaintiff.

Douglas Stripp and Ben Swofford, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

The defendants have filed interrogatories pursuant to the provisions of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. By their enumeration the defendants have counted 41 separate and distinct interrogatories. From an examination, however, of the several paragraphs thus numbered it appears that nearly all of each numbered paragraphs call for a vast amount of information. It would require research, study and compilation of a great amount of material to answer fully and completely and to furnish all the information sought. Moreover, some of the numbered interrogatories specifically call for an opinion and judgment as to exactly what legal principle or principles is or are relied on therein as a basis for recovery under said paragraph. This particularly refers to such paragraphs or interrogatories as are numbered 6, 8, 9 and 10.

■ 1. It is fundamental that interrogatories may be excluded on objection where such interrogatories are merely or solely in the character of a fishing expedition and where it is sought to obtain the proof or evidence of the party. 27 C.J.S. § 60, p. 90, relating to the general subject of Discovery. And, as stated in Batemore v. Standard Brands, D.C., 7 F.R.D. 455, loc. cit. 456, interrogatories differ from depositions in that information sought in interrogatories "is from an adverse party and ordinarily does not presuppose or contemplate details of evidence." Also see Cumulative Pocket Parts, Words and Phrases, Vol. 22, relating to the subject of Interrogatories.

2. Adverting to other cases on the subject, in Coca Cola Co. v. Dixi-Cola Laboratories, 30 F.Supp. 275, loc. cit. 278, by the United States District Court for the District of Maryland, Judge Chesnut delivered an able and exhaustive opinion on the subject of Interrogatories and how extensively they may be used under said Rule 33. Among other things, Judge Chesnut said: "It should also importantly be borne in mind that extensive examination of the adverse party by interrogatories is cumbersome and likely to prove inefficient, as compared with the now available method of taking his deposition."

Judge Chesnut quoted approvingly from 42 Yale Law Journal, 875, 876, where Prof. Sunderland, in discussing the subject, pointed out the impropriety and the futility of extensive interrogatories. After such quo-

582

tation, Judge Chestnut in 30 F.Supp. loc. cit. 279, further said: "These considerations tend to the view that the number of interrogatories should be relatively few and related to the important facts of the case, rather than very numerous and concerned with relatively minor evidentiary details."

Practically the same view was expressed by Judge Holly in United States v. General Motors Corporation, D.C., 2 F.R.D. 528, loc. cit. 532. After quoting from Judge Chesnut's opinion, Judge Holly said: "Here defendant has submitted forty-five interrogatories, all but a very few having subdivisions ranging in number from four to twenty-five, making a total of nearly three hundred questions to be answered by the Government, many of these calling for expressions of opinion. It was never intended that a party should by interrogatories compel the adverse party to submit every item of evidence he expects to produce on the trial of the case. Nor is a party expected in answer to interrogatories to state his opinions on matters of law or fact."

This is precisely what the defendant has asked for in this case.

In Porter v. Montaldo's, D.C., 71 F. Supp. 372, Judge Underwood of the Southern Division of the Eastern District of Ohio, in an exhaustive opinion, not only cited but followed the views expressed by Judge Chesnut. Note the following 71 F. Supp. at page 375: "Interrogatories directed toward relatively minor evidentiary details, rather than important facts are objectionable."

Both sides have elaborately briefed their contentions and to the end that the case may be at issue it seems important that the parties endeavor to collate their information in such way as not to place undue burdens upon each other. The plaintiff should furnish the names of witnesses to the defendant of such persons as may have knowledge of the facts sought to be elicited by interrogatories. This does not, of course, mean that the plaintiff should answer those interrogatories which merely call for conclusions. The objections to the interrogatories should be sustained and it will be so ordered.