**CROWN CENTER REDEVELOPMENT CORPORATION, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION and Milton Meyer & Co., Defendants.**

No. 78–0971–CV–W–1.

United States District Court, W. D. Missouri, W. D.

April 4, 1979.

Mel I. Dickstein, Robins, Davis & Lyons, Minneapolis, Minn., G. Steven Ruprecht, Margolin & Kirwan, Kansas City, Mo., for plaintiff.

Lawrence M. Berkowitz, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant Westinghouse.

Lowell L. Knipmeyer, Knipmeyer, McCann, Fish & Smith, Kansas City, Mo., for defendant Milton Meyer & Co.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Chief Judge.

### I.

This case presently pends on plaintiff Crown Center Redevelopment Corporation's motion for leave to serve six more than the twenty interrogatories authorized by Local Rule 2(e).[1] Defendant Westinghouse, although conceding that plaintiff's proposed additional interrogatories are not "egregiously burdensome," nevertheless opposes plaintiff's motion on the ground that plaintiff has failed to show "good cause as to why it ought to be allowed to depart from the rule [Local Rule 2(e)]."

Defendant Westinghouse's suggestions in opposition directs attention to the fact that Local Rule 2(e) requires that "leave of Court must be obtained to serve more than twenty interrogatories" and assumes that the Court "intended to limit the use of interrogatories unless some good cause or reason has been shown why a contrary result should be reached in a given case." Defendant further states that defendant, because of the relatively recent promulgation of Local Rule 2(e), does not know what "standard the Court intends to apply in a given case."

So far as this case is concerned, defendant states that "while we would agree that plaintiff's interrogatories are not egregiously burdensome," defendant nevertheless argues that plaintiff has not shown "good cause as to why it ought to be allowed to depart from the Rule." Defendant finally suggests that: "If plaintiff's motion is suf-

ficient, then we suggest that all the Rule is to accomplish is to proliferate further paperwork in most cases to vary the Rule."

The short answer to the objection stated in Westinghouse's suggestions in opposition is that good cause is clearly established for the reason that the interrogatories proposed are reasonably calculated to advance the orderly pretrial development of the pending case consistent with the construction which must be given Rule 33, F.R.Civ.P., under the mandate of Rule 1, F.R.Civ.P. Rule 1 requires that all the Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

This Court made a brief reference to the standards that would be applied in the administration of Local Rule 2(e) when we stated the following in *Jones v. Daniel International Corp.*, Civil No. 78–6045–CV–SJ (W.D.Mo. October 16, 1978):

> This rule [Local Rule 2(e)] was established to avoid an unreasoning and potentially abusive use of interrogatories. The judges of this Court believe that while interrogatories may be quite useful under some circumstances, the reflex filing of form interrogatories serves only to stuff court files with wasted paper.

Experience since Local Rule 2(e) was promulgated on December 17, 1977, establishes that the Bar generally understood the purpose which Local Rule 2(e) was designed to serve and the standards which the Court anticipated the Bar would apply to avoid the necessity of needless judicial intervention. In accordance with that understanding, the Bar, assisted by the Clerk's office and the law clerks who serve the various judges of this Court, has adopted commendable procedures in dealing with opposing counsel to eliminate the necessity for any paperwork in connection with the administration of Local Rule 2(e). It is

---

1. (e) Number of Interrogatories. No party shall serve on any other party more than twenty (20) interrogatories in the aggregate without leave of court. Subparagraphs of any interrogatory shall relate directly to the subject matter of the interrogatory and shall not exceed two

(2) in number. Any party desiring to serve additional interrogatories shall file a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use.

appropriate, however, to state more fully than available judicial time has permitted the reasons why this Court promulgated Rule 2(e) in order to assist the Bar in the elimination of the unnecessary paperwork produced in many cases on this Court's docket by the improper use of Rule 33 prior to the time that local rule was adopted.

## II.

Rule 33, F.R.Civ.P., has produced problems of judicial administration since it was first adopted. As originally promulgated Rule 33 made no reference to the number of interrogatories which might be filed. Although the original rule provided an elaborate method for making objections to interrogatories, it did not attempt to state the grounds upon which objections could be based. Rule 33 was rewritten in 1946. The 1946 amendments were designed to contribute "clarity and specificity as to the use and scope of interrogatories." Committee Note of 1946 to Amended Rule 33.

One of the 1946 amendments made clear that "the number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect a party from annoyance, expense, embarrassment, or oppression." The provisions of Rule 30(b), which then provided for protective orders, were also made applicable for the protection of the party from whom answers to interrogatories were sought under amended Rule 33.

The express removal of any limitation on the number of interrogatories to be filed and the amended rule's statement of the somewhat vague grounds for objection on the basis of protection "from annoyance, expense, embarrassment, or oppression," had two very practical effects. First, the 1946 amendments apparently prompted many counsel who propounded interrogatories to believe that the sky was the limit so far as the use of interrogatories were concerned. Second, counsel who represented parties from whom answers to interrogatories were sought developed very low thresholds of pain when it came to "annoyance, expense, embarrassment, or oppression."

Lengthy and detailed sets of standard forms of interrogatories began to circulate among the Bar. At least some of the judges of this Court recall having been the authors of such forms in days gone by. As time went on, the "standard forms" became longer and more detailed as lawyer after lawyer added what he deemed to be questions which opposing counsel could not give evasive and useless answers. It became apparent that lengthy and detailed "standard form" interrogatories, drafted for general rather than particular use, were being routinely filed in many cases on this Court's docket.

Counsel representing parties from whom answers to interrogatories were sought quite predictably launched counter attacks in the form of objections and motions for protective orders. Both sides would file lengthy briefs, citing cases from all over the country, in spite of the admonition in the Addendum to Local Rule 20, promulgated in 1966, that counsel acquaint themselves with the views of the judges of this Court in published opinions concerning problems of discovery and pretrial objections and motions in a manner calculated to avoid the necessity of judicial intervention.

Although the Addendum accurately states that "in most instances of pretrial procedure counsel can learn what the rulings of the Court would be" by reference to the published opinions of the judges of this Court, the files and records of this Court show that paper battles over interrogatories continued to require the expenditure of an inordinate amount of unnecessary judicial time, all at the time and expense of the parties in litigation.

The reorganization and amendment of the discovery rules in 1970 concentrated particular portions of the various rules dealing with specific discovery methods into Rule 26. The portion of Rule 33 which related to the number of interrogatories and the reference to old Rule 30(b) were eliminated entirely by the 1970 amendments. New Rule 26(c) was made broader to authorize motions for protective orders in regard to interrogatories when "justice re-

quires to protect a party from annoyance, embarrassment, oppression, or undue burden, or expense."

The Committee Note to the 1970 amendments to Rule 33 stated that "[t]he mechanics of the operation of Rule 33 are substantially revised by the proposed amendment, with a view of reducing court intervention." That revision was made in recognition by the Committee of the "general agreement that interrogatories spawn a greater percentage of objections and motions than any other discovery device."

The hope that the 1970 revision of Rule 33 would reduce court intervention was not realized, at least as far as this district was concerned. Inquiry of other district courts throughout the federal system revealed that the same thing was true in other districts. That inquiry, however, also revealed that the promulgation of a local rule in substantially the same form as Local Rule 2(e) had effectively discouraged the routine filing of lengthy "standard form" sets of interrogatories which almost automatically spawns the filing of objections and motions for protective orders. That inquiry also revealed that the quality of interrogatories filed under such a local rule was greatly improved for the reason counsel were required to draft a specific set of twenty questions for use in one particular case rather than simply telling some paralegal to file the lengthy "standard form" used in prior litigation.

Experience in other districts tended to support the conclusion that the promulgation and proper administration of a local rule relating to interrogatories might assist the Bar of this Court to make use of Rule 33 in a manner consistent with the hopes of that Rule's original authors and, at the same time, improve the administration of justice by reducing the necessity of judicial intervention in the discovery process. In short, the prime motivation of this Court in promulgating Local Rule 2(e) was to apply the experience of other districts which had, by local rule, educated the Bar to use interrogatories in the manner that they may properly be used and to avoid any attempt-

ed use which would lead only to a useless expenditure of time of the Court and time and money of the parties.

It is of interest to note that on March 31, 1978, the Advisory Committee on Civil Rules circulated a draft of proposed rules amendments which would again tinker with Rule 33. Consistent with a recommendation of a Special Committee for the Study of Discovery Abuse of the Section of Litigation of the American Bar Association, made in October, 1977, the Advisory Committee proposed that Rule 33 be amended by expressly stating that "A district court may by action of a majority of the judges thereof limit the number of interrogatories that may be used by a party." See 77 F.R.D. 613 at 646. The Advisory Committee Note recognized that "a court now has, of course, authority to limit interrogatories in response to a Rule 26(c) motion." It suggested, however, that such power should be more explicitly stated in light of the present existence of local rules in various districts similar to Local Rule 2(e) and in light of the fact that "a district familiar with the generality of its business and the habits of its bar can determine upon a reasonable number of questions."

The Advisory Committee rejected, we believe properly, the ABA recommendation that Rule 33 should be amended in a form that would restrict in all district courts throughout the country the number of questions to be asked as of right to thirty questions. We agree that the implicit power to restrict, as stated in Rule 26(c), should be expressly stated in Rule 33 in order to foreclose the notion that local rules similar to Local Rule 2(e) of this Court and, for another well known example, Local Rule 9(g) of the Northern District of Illinois, adopted June 20, 1975, are somehow inconsistent with the last sentence of Rule 26(a) and must therefore be considered to be invalid under Rule 83.

The twenty question provision in the local rules of this and other districts rather than the thirty questions recommended by the Special ABA Committee for the Study of Discovery Abuse, when administered with a

mandatory prefiling conference, has proved to be satisfactory. If further experience in this district suggests that thirty questions is a better number than the present twenty questions, we are confident that the Bar will suggest to this Court that Local Rule 2(e) be amended to conform with the ABA Special Committee's recommendation of thirty, rather than the present twenty questions.

### III.

Judge W. Calvin Chesnut noted in an early decision under Rule 33 that, as a quite practical matter of judicial administration, "the number of interrogatories should be relatively few and related to the important facts of the case." *Coca Cola v. Dixi-Cola Laboratories*, 30 F.Supp. 275, 279 (D.Md. 1939). Judge Chesnut correctly recognized that "extensive examination of the adverse party by interrogatories is cumbersome and likely to prove inefficient, as compared with the now available method of taking his deposition." *Id.* at 278. Quoting Professor Sunderland in 42 Yale Law Journal 875, 876, Judge Chesnut noted:

"In actual effectiveness interrogatories are far inferior to the oral examination. Their defects are quite obvious. In the first place, they give the party to whom they are addressed more time to study their effect, which furnishes a better opportunity to frame protective answers which conceal or evade. In the next place, as a means of forcing a specific, detailed and thorough disclosure from a reluctant party, there is a tendency for the interrogatories to grow in number, complexity and variety of form, so as to call for as many aspects of the proof as possible, with the result that they *often become difficult to administer.* * * *

In view of these limitations upon the effectiveness of written interrogatories, it is evident that they are not well adapted for the purpose of a general examination. *It is only when the facts sought are few, formal and isolated, that this method can be satisfactorily employed.* So long as the discovery is restricted to the case of the examiner, and he is not permitted to inquire into the case of his adversary, the facts sought by discovery will usually be few, formal and isolated, and written interrogatories will perhaps serve reasonably well. For a small task a feeble instrument may suffice. But if discovery is to involve a thorough inquiry into the vital and highly controversial phases of the case, resort must be had to an oral examination." [30 F.Supp. 278–79] (Emphasis in original).

The views expressed by Judge Chesnut were cited with approval by the late Judge Albert L. Reeves of this Court in a series of opinions decided between 1949 and 1951. *See Colorado Milling & Elevator v. American Cyanamid*, 11 F.R.D. 580 (W.D.Mo. 1951); *Onofrio v. American Beauty Macaroni*, 11 F.R.D. 181 (W.D.Mo.1951); and *Wright v. R & L Market*, 9 F.R.D. 559 (W.D.Mo.1949).

The views expressed by Judge Chesnut and Judge Reeves recognized the serious limitations associated with the use of interrogatorics. More specifically, those views were, at least in part, in response, even in those relatively early days, to the then growing use by some members of the Bar of "canned sets of interrogatories of the shotgun variety" and indiscriminate use of either standardized forms of interrogatories or overly burdensome use of detailed interrogatories which serve no purpose other than to bury one's opponent in paper. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 2168 (1979) at 518.

Some commentators have suggested that later developments, including the 1946 amendments to the Federal Rules of Civil Procedure, overruled everything that Judge Chesnut had said on the subject of the use and abuse of interrogatories and that the 1946 amendment of Rule 33 was ignored by Judge Reeves. *See* C. Wright & A. Miller, *Federal Practice and Procedure*, § 2168 and 4A *Moore's Federal Practice*, ¶ 33.08[2] (1979). The basic thrust of that view is that the "number of or number of sets of interrogatories to be served may not be limited arbitrarily or as a general policy to

any particular number, but that a limit may be fixed only as justice requires to avoid annoyance, expense, embarrassment or oppression in individual cases." *See Id.* at 33.58. For an example of the line of cases expressing that view, *see Canuso v. City of Niagara Falls*, 4 F.R.D. 362 (W.D.N.Y.1945).

This Court has long been convinced that the views expressed by Judge Chesnut and Judge Reeves in regard to the possible abuse of Rule 33 survived the 1946 amendment of Rule 33. Neither of those distinguished judges suggested that an arbitrary limitation should be placed on the number of interrogatories to be propounded in all cases. Judge Reeves stated long before Rule 33 was amended in 1946 that "[i]t makes no difference . . . how many interrogatories are propounded. If the interrogatories are pertinent, the opposing party cannot complain." *See Schoeneman v. Brauer*, 1 F.R.D. 292 (W.D.Mo.1940). Judge Chesnut stated in *Coca Cola* that he was not proposing "to lay down any general rigid or inflexible rule with regard to what number of interrogatories is proper because cases must necessarily vary in their range of relevant facts." *Id.* at 279. The fact that the 1946 amendment of Rule 33 made clear that no district court may impose an arbitrary limit of the number of interrogatories which may be propounded does not support the notion district courts lack power to promulgate local rules designed to eliminate the abusive use of Rule 33.

Local Rule 2(e) therefore did not attempt to impose an arbitrary limitation on the number of interrogatories which may be propounded in any particular case. Rather Local Rule 2(e) effectively imposed the duty on counsel in all cases to anticipate useless paperwork battles concerning the use of Rule 33 and further imposed on counsel the task of resolving disputes involving the number of interrogatories to be propounded in a particular case without the need for court intervention consistent with the hopes of the 1970 amendments and the quite prac-

tical observations of Judges Chesnut and Reeves in the cases above cited and the principles articulated in the Addendum to Local Rule 20.

## IV.

■ The promulgation of Local Rule 2(e) contemplated that where counsel wishes to serve more than twenty interrogatories, he should draft a set of interrogatories, arrange a prefiling conference with opposing counsel, show him a copy of the draft, explain the reasons why more than twenty interrogatories are proposed, and to determine whether opposing counsel will give his consent under the circumstances.[2]

If counsel representing the party who is to be served with the interrogatories concludes at the prefiling conference that the drafted set of interrogatories would reasonably tend to advance discovery without the necessity of judicial intervention, such counsel should consent to the filing of the interrogatories in excess of twenty. If, on the other hand, counsel for the party to be served concludes that he cannot, in good faith, give his consent, he should suggest what would be agreeable to see if the draft might not be amended in accordance with his suggestion. Should counsel not be able to reach agreement at the prefiling conference, no harm will have been done. For counsel would in that event file a motion for leave to file more than twenty interrogatories and opposing counsel would file suggestions in opposition to that motion which would set forth his objections or countermotion for a protective order.

The prefiling conference procedure outlined, which has been generally followed by the Bar since the promulgation of Local Rule 2(e), reflects a commendable response to the responsibilities imposed on counsel in the Addendum to Local Rule 20, and has effectively reduced the need for court intervention in most cases on this Court's docket.

Experience with the administration of Local Rule 2(e) in this division of the Court

---

**2.** The prefiling conference need not be conducted face to face in instances where transmittal of the proposed set of interrogatories by mail,

to be followed with a telephone conference would be more appropriate.

has established that twenty specially drafted interrogatories, or perhaps a few more in some cases, are usually sufficient in most cases which are subject to pretrial processing as ordinary cases under Local Rule 20. The question, of course, is rarely presented in cases which, because of their complex nature, are removed from the operation of Local Rule 20. For in those cases, pretrial discovery is regulated by special order of court applicable solely to the complex case involved which may, or may not, call for a greater number of interrogatories than provided in Local Rule 2(e).

To say that, of course, is not to say that Rule 33 may not be subjected to abuse in complex cases. Indeed, some of the best examples of Rule 33 abuse may occur in complex cases, absent appropriate judicial supervision of the pretrial discovery procedures utilized by counsel in such cases. Experience in this division has established that the prefiling conference between competent counsel is the key to the proper administration of Local Rule 2(e). Those conferences have almost eliminated the necessity for any paper work on the part of counsel, paper work which counsel bring upon themselves when they insist upon judicial review of routine discovery procedures which the Rules of Civil Procedure contemplate should be resolved by counsel in the first instance. In all except two cases since Local Rule 2(e) was promulgated in 1977, interrogatories of more than twenty questions have been filed after a draft set had been agreed upon by counsel at a prefiling conference. In no instance has this Court refused to honor an agreement of counsel reached at a prefiling conference. The administration of Local Rule 2(e), as above outlined has eliminated the former abuses of Rule 33 and the proper use of interrogatories no longer spawns the large number of objections and motions which prompted the promulgation of that local rule.

■ By carefully reviewing the interrogatories proposed in this case it is apparent that had counsel for plaintiff conferred with counsel for the defendant before filing the interrogatories and had counsel for the defendant approached the question presented at such prefiling conference in a manner consistent with what we have stated, he would have readily agreed that good cause had been established for twenty-six rather than twenty interrogatories under the circumstances of this case. Plaintiff's motion to file in excess of twenty interrogatories will therefore be granted.

V.

Inquiry of the other active judges of this Court established that the experience in administering Local Rule 2(e) in the other divisions of this Court, has been quite comparable to the experience in this division of the Court. All judges agreed, however, that the publication of an en banc opinion would serve a useful educational purpose for members of the Bar who may not be familiar with the prefiling conference procedure which is an integral part of the administration of Local Rule 2(e).

A copy of this memorandum opinion was therefore circulated to all the other active judges of the Court for their review and suggestions before publication. Judges William R. Collinson, Elmo B. Hunter and Russell G. Clark have authorized me to state their agreement with the principles and prefiling conference procedures stated in this memorandum opinion and their agreement that this memorandum opinion in its present form should be published as an en banc opinion of this Court.

The Bar is also advised that all the active judges of this Court are in further agreement that where the motion papers filed in a particular case presenting a Local Rule 2(e) question do not affirmatively show that counsel for the parties have held a prefiling conference to resolve the question presented without the necessity of judicial intervention, a short order will be entered in such a case which will require counsel to conduct such a conference and thereafter to file a jointly signed report of the success or failure of the conference before the particular judge will rule the pending Local Rule 2(e) motion.

For the reasons stated, it is

ORDERED (1) that plaintiff Crown Center Redevelopment Corporation's motion for leave to serve more than twenty interrogatories pursuant to Local Rule 2(e) should be and the same is hereby granted. It is further

ORDERED (2) that this memorandum opinion shall be published as an en banc opinion of this Court.