**BATEMORE, Inc., v. STANDARD BRANDS, Inc.**

No. 4575.

District Court, W. D. Missouri, W. D.

Oct. 2, 1947.

John W. Hudson, of Kansas City, Mo., for plaintiff.

Alfred Kuraner, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The plaintiff has propounded 44 interrogatories to the defendant. No. 37 is divided into 22 separate and distinct interrogatories, so the actual number submitted is 65.

Objection is made upon the ground that such interrogatories are onerous and burdensome and call for information not within the immediate reach of the defendant and that the information sought is as easily available to the plaintiff as to the defendant.

1. The courts are not in harmony as to the extent of inquiries by interrogatories. Some of the judges say that they are just as full and extensive as any other of the discovery rules. The better considered opinions, however, are to the effect that interrogatories should be few, not exceeding 15 to 20 and that they should cover major facts and not evidentiary details. For instance, the Court of Appeals, 10th Circuit, Newell v. Phillips Petroleum Co., 144 F.2d 338, loc. cit. 340, sustained the trial judge in denying interrogatories for the reason that "some of the interrogatories to which the court sustained objections appear on their face to be wholly immaterial, some cumulative, some onerous, and some unreasonably burdensome." The nature of the interrogatories was not set out by the court.

2. The interrogatories in this case seek detailed information about the air-conditioning equipment installed in the building occupied by the defendant. For instance, the defendant is asked to, "Give name of make of all equipment." Then there follows an inquiry as to the number of compressors used, the design and the type and make of such compressors. Much technical detail is asked for in the interrogatories.

As reason for objections, the defendant says that it is not familiar with the subject

456

matter of the inquiries for the reason that the installations were made by an individual or firm engaged in that business and that the maintenance of the air-conditioning equipment is done by individual contractors or employees, and that this defendant is not acquainted with such details and could not make proper answer without an expensive inquiry on its part acquiring and attempting to acquire the information sought by the plaintiff.

3. Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for the serving of interrogatories "upon any adverse party." In this regard it is far different from depositions for the reason that the information ought on interrogatories is from an adverse party and ordinarily does not presuppose or contemplate details of evidence. An interrogatory addressed to an adverse party is either for the purpose of seeking an admission or obtaining information of major moment. Interrogatories are designed to cover the important facts of the case and are not concerned with relatively minor evidentiary details. The reason for this limitation of the rule is obvious. The court is called upon to examine the interrogatories when objections are made and it would be an undue burden upon the court to examine a vast number of interrogatories and to conduct an inquiry into the relevancy and materiality of minor evidentiary details. Evidence may be properly excluded at the trial of the case where the judge has been made acquainted with all the facts and is keenly appreciative of the issues, and would then be able to act intelligently upon objections, but he could not be thus advised in examining interrogatories in the earlier stages of the litigation.

4. In the present case the information sought could be obtained by depositions as the defendant would be able to furnish the plaintiff with information as to whose deposition should be taken.

5. The first two interrogatories are competent and should be answered. The first one: "1. State date air-conditioning equipment was installed in building." Undoubtedly the defendant had that information and can advise the plaintiff as to such

date. The second interrogatory is: "2. Give name of individual or firm installing the said equipment." Defendant can furnish that information. Moreover, the defendant can tell the plaintiff who is employed to maintain the air-conditioning equipment and who was employed at the time of the conflagration mentioned in the complaint as occurring about June 26, 1946.

Objections to the interrogatories will be sustained save as to the first two, and it is suggested that in answering these interrogatories the defendant furnish information to the plaintiff as to the firm or individual engaged in maintaining the air-conditioning equipment at the time of the fire.