ONOFRIO et al. v. AMERICAN BEAUTY MACARONI CO. et al.
No. 6585.

United States District Court
W. D. Missouri, W. D.

Feb. 3, 1951.

interrogatories the plaintiffs declined to answer those numbered 1, 2, 3, 4, 6, 9, 12 and 16 and filed formal objections thereto. Counsel for both parties have filed well prepared briefs in support of their contention.

The first objection to Interrogatory No. 1 is that to answer would require plaintiffs to enumerate items of evidence by which plaintiffs expect to prove the ultimate fact of the existence of a conspiracy. The second objection is that the information requested is already known to the defendants and to answer would be of no assistance to the court. The third objection is that plaintiffs believe the interrogatories to be a device to maneuver plaintiffs into an adverse and unfavorable position by forcing them to commit themselves before they have had ample opportunity to ascertain the full extent of the defendants' actions. The fourth objection is that the information requested is exclusively within the sole possession of the defendants and can be ascertained only after careful inspection of the defendants' records, etc. The fifth objection is that plaintiffs have not as yet had opportunity to fully examine the records, etc., of defendants and, therefore, cannot have sufficient information to answer. The first objection is made only to Interrogatory No. 1 and the subdivisions thereof, while all other objections are general objections directed to all interrogatories objected to.

It should be emphasized that all books and records of the activities of the corporate defendant covering the period in question are in the sole and exclusive possession of the defendants, and that the defendants are asking for information, through interrogatories, which can only be answered properly and fully by obtaining the information from the books and records of the corporate defendant.

■ 1. The prevailing general opinion seems to be that under the present rule the interrogator may seek facts relating to his adversary's case and is not limited to facts exclusively or peculiarly within the knowledge of the opponent. This is true even where the interrogator has at his disposal

Beghtol & Rankin, Lincoln, Neb., Langworthy, Matz & Linde, Robert B. Langworthy, Kansas City, Mo., for plaintiffs.

Kemp, Koontz, Clagett & Norquist, Paul G. Koontz, J. R. Clagett, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

Counsel for defendants in the above entitled cause have propounded interrogatories to the plaintiffs. Of a total of 16

an adequate or even better source of information.

In the case of Patterson Oil Terminals, Inc. v. Charles Kurz & Co., Inc., 7 F.R.D. 250, loc. cit. 251, Judge Bard of the District Court, E. D. of Pennsylvania said: "Although the interrogator may have the better source of information, *it is not unfair to require that his opponent answer the interrogatories in question to the best of his ability so that the questions of fact may be reduced to a minimum before trial.*" (Emphasis mine.) In his opinion in the Patterson case, supra, Judge Bard cites the cases of Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908; American Steamship Co. v. Buckeye Steamship Co., D.C., 1 F.R.D. 773. However, in line with the objections filed by the plaintiffs, I find a wealth of authority which I believe fits the peculiar circumstances of the case in question much better than the Patterson case.

2. It is the ascertainment of facts that is the object of discovery proceedings as contrasted with opinions, conclusions, or contentions. Cinema Amusements, Inc. v. Loew's, D.C., 7 F.R.D. 318.

Matters of opinion, conclusion or contention, do not properly come within the scope of Fed.Rules Civ.Proc. rule 33, 28 U.S.C.A. Klein v. Leader Elec. Corp., D.C., 81 F.Supp. 624.

Under Federal Rules of Civil Procedure regarding interrogatories, the party interrogated need only answer matters of fact within his knowledge, and interrogatories which merely seek to elicit opinions or which require research and compilation of data and information not readily known to the parties interrogated are improper. In view of the now available method of taking depositions there is no further necessity to resort to interrogatories where an extended examination is desired. "But if discovery is to involve a thorough inquiry into the vital and highly controversial phases of the case, resort must. be had to an oral examination." Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F. Supp. 275, loc. cit. 279.

A party interrogated may only answer matters of fact within his knowledge, and is not required to express opinions or to make research and compilation of data and information not readily known to him. Discovery should be confined to pure facts and not to any elaboration or explanation or comparison. Interrogatories calling for an expression of opinion or calling for conclusions are objectionable and ordinarily should not be permitted. Contentions, opinions and legal conclusions may not be required by interrogatories. A litigant cannot compel a disclosure of knowledge and information acquired in preparation of his case. Snyder v. Atchison, T. & Santa Fé Ry. Co., D.C., 7 F.R.D. 738, and cited cases.

3. "Interrogatories" differ from "depositions" in that information sought on interrogatories does not presuppose or contemplate details of evidence, and the purpose of interrogatory is to seek an admission or obtain information of major moment. Interrogatories seeking detailed information should not be answered, and such information should be obtained by depositions. Batemore, Inc., v. Standard Brands, D.C., 7 F.R.D. 455. As said by Judge Holtzoff, of the U. S. District Court, District of Columbia, in Aktiebolaget Vargos v. Clark, 8 F.R.D. 635, loc. cit. 636: "* * * interrogatories are not to be used as a device or a stratagem to maneuver the adverse party into an unfavorable tactical position." And, further,

"So, too, interrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him."

"Specifically, an interrogatory calling upon an adverse party to enumerate the items of evidence by which the latter expects to prove some ultimate fact is objectionable."

Interrogatories under Federal Rules of Civil Procedure cannot be construed to displace entirely the right or necessity of a party to obtain information and

compile data at his own expense. Cinema Amusements, Inc. v. Loew's, Inc., supra.

4. This suit was filed by the minority stockholders of a corporation against the corporation and the majority stockholders individually for an accounting. The majority stockholders also are charged with the management of the corporation. Plaintiffs allege that defendants conspired to defraud them by deliberately mismanaging the business, using obsolete equipment, padding expense accounts, granting lucrative jobs to friends and relatives who were not qualified for the positions, etc., and juggling the accounts between the corporation and its subsidiaries to hide profits.

The defendants have propounded interrogatories to the plaintiffs asking for very exhaustive and detailed answers. "The right to propose interrogatories is subject to exercise of judicial discretion by District Court." 4 Syllabi, Porter v. Montaldo's, D.C., 71 F.Supp. 372.

In Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338, loc. cit. 340, the court said: "While the rule should be accorded a liberal rather than a narrow interpretation, still the trial court is vested with reasonable discretion in determining whether a party is entitled to have interrogatories answered, and the action of the court in respect thereto will not be disturbed except in case of abuse of the discretion."

This whole matter being largely within the discretion of the court, after a careful consideration of the interrogatories propounded, and an exhaustive survey of the authorities, I am of the opinion that the objections to the interrogatories should be sustained.