## LOUIS WEINBERG ASSOCIATES, Inc. v. MONTE CHRISTI CORP.

United States District Court
S. D. New York.

June 8, 1951.

515

Gordon, Brady, Caffrey & Keller, New York City (Leroy C. Curtis, New York City, of counsel), for plaintiff.

Guzik and Engel, New York City (Leo Guzik and Lester A. Lazarus, New York City, of counsel), for defendant.

WEINFELD, District Judge.

Plaintiff delivered certain merchandise to the defendant for bleaching and drying and now seeks to recover damages because of alleged improper workmanship. Plaintiff claims defendant returned the merchandise in a stained and unmerchantable condition. Defendant counterclaims for the reasonable value of the bleaching services.

On the present motion for discovery and inspection the principal problem is to balance the Federal deposition-discovery procedure, which permits "parties to obtain the fullest possible knowledge of the issues and facts before trial", Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 389, 91 L.Ed. 451, and the necessity for the protection of trade processes and trade secrets which may be the subject of inquiry.

Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., recognizes the problem in that it permits discovery and inspection upon a showing of "good cause," subject, however, to the limitations of Rule 30(b) that "the court * * * may make an order * * * that secret processes, developments, or research need not be disclosed, * * *."

The items which plaintiff seeks are as follows:

(1) The inspection, at defendant's plant, of bleaching and drying machinery used in treating plaintiff's goods, and the taking of measurements, readings and photographs of all machinery and equipment employed by the defendant in the bleaching and drying of the goods. Plaintiff proposes to designate an expert for such purposes.

There are two types of equipment involved: (1) Bleaching tanks which are basically wooden boxes with lead linings; (2) drying machines which are standard in the industry.

The bleaching tanks are of special construction and were manufactured and installed by defendant's own employees to preserve the secret character of its proces-

ses. In this instance defendant's rights merit protection. However, the inspection is essential to plaintiff in substantiating its theory that the goods were discolored and stained by the equipment at the defendant's plant. The value of photographs is well recognized as a graphic implementation of oral testimony. Therefore, the inspection, photographing and measuring is permitted but the order to be entered herein will contain appropriate protective provisions, suggestions as to which may be submitted by either party upon the settlement of the order.

Defendant seeks a veto power over the plaintiff's proposed expert, claiming that he may be a business competitor who would thus obtain information as to its secret processes and methods of operation. Ordinarily, the selection of an expert is within the option of a litigant. However, in view of the partly secret nature of defendant's operation, plaintiff is directed, on the settlement of the order, to furnish the name of the proposed expert who is to make the inspection, and defendant may, if it objects to plaintiff's choice, set forth the specific grounds upon which it bases such objection.

 Since the drying machinery is of standard manufacture, trade secrets cannot be involved and, accordingly, the inspection, taking of measurements and photographs are allowed.

The inspection will take place on a Saturday. However, if it is the defendant's practice to operate on Saturdays, the inspection will take place on a Sunday.

(2) Inspection and copying of all of defendant's records, time cards, work tickets, work sheets and other books, records, documents and memoranda relating to the bleaching and drying of plaintiff's goods.

This request is clearly limited to records and documents prepared in connection with the particular operation which is the subject of this action. Therefore, the designation is proper under Rule 34. Cf. Lundberg v. Welles, D.C., 11 F.R.D. 136. The information sought is otherwise unavailable to plaintiff and is necessary in the proof of its contention as to defective workmanship. This aspect of the motion is granted.

(3) All analyses, reports and expert opinions concerning the discoloration of plaintiff's goods.

The substance of this request appears to be directed to analyses, reports and opinions of defendant's experts. Plaintiff has failed to make a showing of good cause for their production. United States v. 5 Cases, More or Less, Containing "Figlia Mia Brand," 2 Cir., 179 F.2d 519; Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181.

In view of the statement under oath of defendant's Vice-President that no test runs or sample runs of the goods were made, the motion for this information is denied.

Defendant has consented to inform plaintiff of the chemicals used in the bleaching bath and as to the length of time the goods were there and in the drying machinery, and the order may so provide.

Settle order on notice.