**CBS, INC., Plaintiff,**

v.

**Paul AHERN, et al., Defendants.**

**No. 83 Civ. 7918 (VLB).**

United States District Court,
S.D. New York.

July 13, 1984.

David Eizenman, Moses & Singer, for plaintiff CBS, Inc.

Stewart L. Levy, Parcher & Herbert, P.C., for defendant Paul Ahern.

Arthur J. Jacobs, Gersten, Savage & Kaplowitz and Donald S. Engel, Engel & Engel, New York City, for defendant Donald Thomas Scholz.

Leonard S. Elman, Stark, Elman, Amron & Rosen, for defendant Francis Sheehan.

Nathan Dershowitz, Dershowitz & Eiger, New York City, for defendant Sib Hashian.

## MEMORANDUM AND ORDER

MICHAEL H. DOLINGER, United States Magistrate:

Defendant Donald Thomas Scholz moves for an order pursuant to Fed.R.Civ.P. 37(a) to compel plaintiff CBS, Inc. to produce the President of CBS Records Group, Walter Yetnikoff, for a continued deposition. Mr. Yetinkoff's deposition was commenced on February 10, 1984 at 10:00 A.M. and adjourned after four hours because of a scheduled pre-trial conference in this case.

For the reasons that follow, defendant's motion is granted.

### The Dispute

By this action CBS, Inc. ("CBS") seeks substantial damages against a number of defendants for the alleged breach of a contract that required the production and delivery to CBS of five record albums by a musical group known as Boston. Various counterclaims and cross-claims have also been asserted.

At some point early this year, CBS agreed to produce Mr. Yetnikoff for a deposition by defendant Scholz during the course of a week in which a number of other witnesses were also being deposed. Affidavit of Donald S. Engel, Esq., sworn to May 23, 1984, at ¶ 3. Although the parties are in dispute as to whether CBS's attorneys promised to make Yetnikoff available for more than one day, the deposition was cut short by the scheduled court conference, Engel Affidavit at ¶¶ 5, 9, and apparently several attorneys present at the deposition left with the understanding that Mr. Yetnikoff would be made available at a later date for a continuation of the deposition. *See* Engel Affidavit at ¶¶ 9–12; Affidavit of Stewart L. Levy, Esq., sworn to May 18, 1984, at ¶¶ 3–4.

Subsequently, CBS declined to produce the witness for further questioning, Engel Affidavit at ¶¶ 22–26, and as a result counsel for defendant Scholz apparently declined to conduct any other depositions that he had previously noticed of plaintiff's employees and refused to produce his client for the continuation of his deposition by the plaintiff. Affidavit of David B. Eizenman, Esq., sworn to June 11, 1984, at ¶¶ 11–12.[1]

In support of his motion to compel, defendant cites the purported prior agreement of CBS to continue the Yetnikoff deposition, the abbreviated length of the first session of that deposition, the need for further questioning on a number of relevant issues as to which it appears that Mr. Yetnikoff has personal knowledge, and the far greater length of plaintiff's still-incomplete deposition of Mr. Scholz. *See* Engel Affidavit at ¶¶ 6–11, 14–20. CBS, on the other hand, denies having agreed to produce Mr. Yetnikoff for more than one day, asserts that he knows very little about the relevant facts, and claims that defendant's

---

1. According to plaintiff, defendant also refused to produce for deposition another witness, Jeffrey Dorenfeld, who was under his control, despite a prior promise to do so. Eizenman Affidavit at ¶ 12.

counsel simply wasted everyone's time at the first session of the deposition by asking irrelevant questions and engaging in a variety of misconduct at the deposition. Eizenman Affidavit at ¶¶ 7–11.

*The Resolution*

■ There is no need to determine whether any agreement was reached as to the length of Mr. Yetnikoff's deposition and, if so, on what terms. A party is entitled to depose a witness on all relevant issues as to which the witness has knowledge, whether or not it requires more than four hours to do so. Moreover, the fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery. *See, e.g., Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122–23 (D.Conn.1974).[2]

In this case a review of the deposition transcript discloses that the questioning of Mr. Yetnikoff—while hardly a model of precision or, occasionally, of relevance—did not exhaust the scope of potentially relevant inquiry. (*See, e.g.*, Tr. 150.) Indeed, this is evident even from the citations by plaintiff's counsel to transcript pages at which various topics had been raised; most of those pages reflect that only a few questions were asked with respect to each such topic, and possible follow-up inquiries were not pursued. *See* Plaintiff's Memorandum of Law at pp. 5–6. This appears to have been more attributable to the limited time available than to any misconduct by defendant's counsel.[3]

■ Since it is apparent that Mr. Yetnikoff has personal knowledge of facts relevant to this lawsuit, plaintiff must carry a heavy burden to demonstrate good cause

for a protective order. Plaintiff has not carried that burden. Principally it asserts that Mr. Yetnikoff has little first-hand information to offer, that other corporate employees are more knowledgeable, and that defendant's counsel behaved improperly at the first deposition session. This cannot suffice, however, since, as noted, the transcript of the deposition suggests sufficient personal knowledge by Mr. Yetnikoff—some of which may be unique to him—to justify at least some further questioning. Moreover, this conclusion is apparently further supported by the testimony of witnesses in other depositions. *See* Supplemental Affidavit of Donald S. Engel, Esq., sworn to June 14, 1984, at ¶ 8.

*The Relief·*

■ In view of the truncated nature of the first session of Mr. Yetnikoff's deposition, plaintiff is directed to make him available for a one-day continuation of the deposition at a mutually agreed-upon date and time within the next forty-five (45) days.[4]

■ Plaintiff has noted in its papers, without contradiction, that defendant Scholz has not proceeded with previously noticed depositions and has not made himself available for the continuation of his own deposition, all apparently in retaliation for the refusal of plaintiff to produce Mr. Yetnikoff. This is improper. If one party is withholding discovery to which another is entitled, the appropriate remedy is by discovery motion, not by a suspension of discovery. Accordingly, defendant Scholz is directed to conduct whatever depositions he had previously noticed of plaintiff's employees on mutually agreed-upon dates within the next forty-five (45) days. De-

---

**2.** The cases cited by plaintiff, *see* Plaintiff's Memorandum of Law at pp. 12–13, are inapposite since it appears that the witness in this case has personal knowledge of events not necessarily shared by other CBS witnesses.

**3.** The description by plaintiff's counsel of the alleged improprieties of defendant's attorney during the deposition is more than a little exaggerated. *Compare, e.g.*, Tr. 148 *with* counsel's characterization of the transcript at Eizenman Affidavit ¶ 8(b). Moreover, such mischaracterization by counsel is not confined to what oc-

curred at the deposition. *Compare* Engel Affidavit at ¶ 20 *with* the partial quotation in Eizenman Affidavit at ¶ 9. Such misleading editing is entirely unprofessional.

**4.** In the event that plaintiff's counsel concludes that defendant Scholz's attorney is abusing the deposition process at the next session, he is of course free to seek appropriate relief from this Court. *Cf. Neonex Int'l Ltd. v. Norris Grain Co.*, 338 F.Supp. 845, 853–54 (S.D.N.Y.1972).

fendant is further directed to appear for the continuation of his deposition—if requested by plaintiff—on a mutually agreed-upon date within the next forty-five (45) days.

The parties are to bear their own expenses of this motion. A pre-trial conference will be held on September 6, 1984 at 10:00 A.M. in my chambers, Room 503 of the United States Courthouse.

SO ORDERED.