### Cara Leslie ALEXANDER, et al., Plaintiffs,

### v.

### FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.

### Nos. 96–2123 (RCL), 97–1288(RCL).

United States District Court, District of Columbia.

Jan. 24, 2000.

---

Larry Klayman, Judicial Watch, Inc., Washington, D.C., for plaintiffs.

David W. Ogden, Acting Assistant Attorney General, Wilma A. Lewis, United States Attorney, Anne Weismann, James J. Gilligan, Elizabeth Shapiro, U.S. Department of Justice, Washington, D.C., David E. Kendall, Marcie Ziegler, Williams & Connolly, Washington, D.C., for defendants.

*MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' Motion for Leave to Take the Deposition of Leslie Gail Kennedy. Upon consideration of the submissions of the parties and the relevant law, the plaintiffs' motion is granted.

I. *Background*

As stated in several opinions by this court, the underlying allegations in this case arise from what has become popularly known as "Filegate." According to their complaint, plaintiffs allege that their privacy interests were violated when the Federal Bureau of Investigation ("FBI") improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations. Moreover, plaintiffs allege that Bernard Nussbaum, Craig Livingstone, and Anthony Marceca committed the common-law tort of invasion of privacy by willfully and intentionally obtaining plaintiffs' FBI files for improper political purposes. Based upon these allegations, plaintiffs seek to certify their lawsuit as a class action on behalf of all "former U.S. Government employees, whose confidential FBI files were improperly obtained from the FBI by the White House." Plaintiffs' Complaint ¶ 15.

On February 18, 1997, the Attorney General of the United States certified that plaintiffs' common law invasion of privacy claims arose from conduct within the scope of Nussbaum's, Livingstone's, and Marceca's employment. For this reason, the United States filed a notice under the Westfall Act, 28 U.S.C. § 2679, to substitute itself for these named defendants. *See* Notice of Substitution, filed February 18, 1997. Based upon this substitution, the United States moved to dismiss the claims made against it (*i.e.*, those originally made against Nussbaum, Livingstone, and Marceca) for failure to exhaust administrative remedies as provided in the Federal Tort Claims Act. Plaintiffs opposed the United States' notice of substitution and motion to dismiss.

The court later held a hearing on all pending motions, including the United States' notice of substitution and plaintiffs' motion for class certification. On June 12, 1997, the court deferred ruling on these two matters pending the opportunity for plaintiffs to take some limited discovery. In later ruling upon the parties' Local Rule 206 report, the court held that plaintiffs would have six months to complete all discovery relating to the scope-of-employment[1] and class certification issues. Order of August 12, 1997. That schedule, however, proved to be unworkable. Accordingly, on April 21, 1999, the court extended the deadline for the initial phase of discovery to June 12, 1999 and granted plaintiffs leave to take a maximum of only five more depositions on the issues of class certification and scope of employment. Because plaintiffs have now taken all five additional depositions allowed[2], they now seek leave of court to depose Leslie Gail Kennedy.

## II. *Analysis*

Plaintiffs assert that Ms. Kennedy has relevant and probative knowledge regarding the Substitution issue. Specifically they state that Ms. Kennedy has information regarding Associate White House Counsel Bill Kennedy's handling of FBI files and the motive for obtaining such files, matters which are essential to the scope-of-employment issue.[3]

 Generally speaking, "[a] party is entitled to depose a witness on all relevant issues to which the witness has knowledge." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y.1984). The government, in its opposition,[4] does not contest the general relevance of the testimony the plaintiffs seek to elicit from Ms. Kennedy. Rather, it bases its argument on this court's April 21, 1999 order which limited the plaintiffs to only five depositions and imposed a June 12, 1999, deadline for the initial phase of discovery. The government cites this court's conclusion that the additional time and depositions granted the plaintiffs allowed them "more than satisfactory leeway to fully examine the issues of class certification and scope of employment." Therefore, the government contends that because the deadline has since passed and the plaintiffs have exhausted their remaining five depositions, the plaintiffs' have had sufficient discovery, and their motion should be denied.

The government is correct in its assertion that both the time and the number of depositions allowed for the first phase of discovery have now been exhausted. However, in setting those parameters, this court was attempting to "strike[ ] the proper balance between the plaintiffs' right to discovery on their allegations [and] defendants' right to expeditious determination of the class certification and scope-of-employment issues...." Mem. Order of April 21, 1999 at 2. Balancing the probative value of the information Ms. Kennedy possesses, which has just recently come to the plaintiffs' attention[5], and the plaintiffs' considerable need for such information against the relatively minimal burden and delay to the defendants in providing it, this court is convinced that the plaintiffs should be allowed leave to depose Ms. Kennedy.

---

1. For the sake of brevity, the court will refer to the issues raised by the Attorney General's certification for the substitution of the United States under the Westfall Act as the "scope-of-employment" issue.

2. Plaintiffs have since deposed (1) Craig Livingstone, (2) Anthony Marceca, (3) Bernard Nussbaum, (4) Jane Sherburne, and (5) the Department of Justice.

3. The plaintiffs have provided this court with a sworn declaration signed by an employee of Judicial Watch who attests that he has spoken to Ms. Kennedy and that she had indicated that although she did not want to make a sworn statement, if subpoenaed, she would provide testimony regarding her ex-husband Bill Kennedy's use of FBI files in their home.

4. Defendant Hilary Rodham Clinton joins the government's opposition.

5. The government argues that this is not a case where a witness has only recently come to light because plaintiffs have been aware of Ms. Kennedy's existence for more than eight months and have had every reason and opportunity to contact her. The plaintiffs, however, respond that although they were aware of Ms. Kennedy's existence for several months, they were unable to speak with her until June 11, 1999, and they were not aware that she had any probative or relevant information pertaining to the scope-of-employment issue until that date. When they became aware that she did possess such probative inform, they then made this motion for leave to depose Leslie Gail Kennedy.

The government further argues that if the court allows the plaintiffs to depose Ms. Kennedy, they should be limited to only three hours of deposition testimony so that the government may cross-examine her for the remaining three hours.[6] However, as the plaintiffs correctly note, this court has previously denied similar requests in this litigation, stating that it "will not start down the road of micro-managing every detail of a deposition, down to the apportionment of time." Mem. Order of April 21, 1999 at 4. Having wisely declined to undertake such a task in the past, this court will not begin to do so now. As in the past, the defendant may later move for leave of court for an enlargement of time to depose Ms. Kennedy, once it has the benefit of seeing what questions the plaintiffs ask.

### III. *Conclusion*

For the reasons set forth herein, the Plaintiffs' Motion for Leave to Depose Leslie Gail Kennedy is GRANTED. The government's request to limit the plaintiff's deposition time to three hours is DENIED.

SO ORDERED.

---

**6.** This court has set a presumptive six-hour limit on the duration of depositions in this matter.

See Order of August 12, 1997, at 2.